IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DONTA R. HARRIS                           *
          Petitioner

v.                                                      *      CIVIL ACTION NO. WMN-06-2065

UNITED STATES OF AMERICA      *
          Respondent.
                                 ***

## MEMORANDUM

Donta R. Harris ("Harris"), an inmate confined at the United States Penitentiary-Lee in Jonesville, Virginia, filed various documents with the court on August 9, 2006,[1] demanding "credential and identification" of the undersigned. Paper No. 1. Harris further holds himself out as a "creditor" and the United States as "debtor" and seeks to clear his account and be released from the custody of the U.S. Bureau of Prisons. *Id*. In addition, Harris challenges prior determinations in his underlying federal criminal case and takes issue with the plea agreement.[2]

The nature of the cause of action is indecipherable. Harris's nonsensical fanciful allegations do not make out a claim under this court's habeas corpus or federal question jurisdiction. His cause of action shall be dismissed.[3]   A separate Order follows.

Date: August 16, 2006

/s/
_____
William M. Nickerson
Senior United States District Judge

---

[1] The pro se prepared documents include, but are not limited to, a Notice and Demand, a Durable Power of Attorney, a Uniform Commercial Code Financing Statement, and a Declaration of Sovereign Status. Paper No. 1.

[2] Harris is referencing *United States v. Harris*, Criminal No. WMN-02-0381 (D. Md.).   After four days of a jury trial Harris was re-arraigned and entered guilty pleas to multiple counts of bank robbery and use and possession of a firearm in a crime of violence in violation of  18 U.S.C. § 2113 & 924(c). *Id*. He was sentenced to a total 50-year term on January 13, 2004. Harris's 28 U.S.C. § 2255 motion to vacate was denied by the undersigned on March 8, 2006. *Id*. at Paper Nos.  156 & 157. According to the criminal docket, a Motion to Withdraw Guilty Plea remains pending before the Court.

[3] Neither the civil filing fee nor an in forma pauperis motion accompanied the document. This omission is of no moment as the case is subject to dismissal.